The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gregory M. Willis and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
At the hearing before Deputy Commissioner Willis, the parties submitted a Pre-Hearing Agreement and Stipulations, dated 27 May 1994.
Following the initial hearing, the record remained open and the parties submitted an Industrial Commission Form 22 Wage Chart and defendant's Leave of Absence Request, marked as Defense Exhibit Number One.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was 70 years old, with a date of birth of 27 April 1924. For his medical history, plaintiff was involved in an automobile accident in 1981, which resulted in surgery being performed on his neck and his inability to work six to nine months. For his work history, plaintiff had been a ranger, an electrical contractor, and a hospital engineer. Plaintiff was employed by defendant as a maintenance person at its nursing care facility, and on the side plaintiff did some electrical contracting.
2. On 28 August 1992 a refrigerator was delivered to defendant's business, and plaintiff helped to move the refrigerator with two other employees. Ernest Perry was in front, pulling the refrigerator; Helen Brame was at the side of the refrigerator, pushing and helping to guide it; and plaintiff was at the back of the refrigerator, pushing it. The refrigerator was moved twenty-five (25) feet across the parking lot, and then moved through a doorway into a kitchen. At some point while moving it, the refrigerator stopped suddenly; and plaintiff fell forward striking his head against the refrigerator. Plaintiff felt immediate pain in his neck right shoulder. As a result of this incident, plaintiff injured his back during a cognizable time while performing his assigned work duties.
3. At the time plaintiff fell forward, plaintiff told Ms. Brame, the defendant's administrator, that he believed he had "broken his neck." Plaintiff did not make any written notice to defendant within thirty (30) days. However, defendant was not prejudiced by this failure because the administrator had actual knowledge of the event at the time it occurred.
4. Plaintiff worked for three months without missing any time from work and without seeking any medical attention. On 20 November 1992, plaintiff was examined by Dr. Deborah Hess, who referred plaintiff to Dr. Robert Price, Jr., the neurosurgeon who had performed the previous surgery on plaintiff's neck in 1981. Plaintiff was examined by Dr. Price on 16 November 1992, and Dr. Price ordered a myelogram. Following the myelogram, Dr. Price performed surgery on 24 December 1992. The procedure Dr. Price performed was a partial hemilamenectomy and foraminotomy at spinal levels C4-5 and C5-6.
5. Plaintiff continued to work from 20 November 1992 through 20 December 1992. Plaintiff was out of work from 21 December 1992 through 22 March 1993. Dr. Price released plaintiff to return to work on 22 February 1993, but defendant did not have a job available within plaintiff's restrictions. Between 20 December 1992 and 22 March 1993 plaintiff was unable to perform his regular job with defendant, and there is insufficient evidence of record from which the undersigned can infer from its greater weight that there were jobs available within plaintiff's restrictions during this time which he could reasonably be expected to obtain. The cause of plaintiff's inability to be gainfully employed was the incident of 28 August 1992 and the resulting injury to his back.
6. Medical treatment received for plaintiff's back following 20 November 1992 was necessary as a result of the incident of 28 August 1992 to effect a cure, give provide relief, or to reduce any period of time for which plaintiff was unable to be gainfully employed.
7. As a result of the incident of 28 August 1992 and the resulting injury to his back, plaintiff retains a fifteen (15) percent permanent partial impairment to the use of his back.
8. As of 28 August 1992, plaintiff earned on an average $410.95 per week.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 28 August 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, in that, he injured his back as a result of a specific traumatic incident of his assigned work duties. N.C. Gen. Stat. § 97-2 (6).
2. On 28 August 1992 plaintiff's average weekly wage was $410.95 per week, yielding a compensation rate of $273.99 per week. N.C. Gen. Stat. § 97-2 (5).
3. As a result of the accident of 28 August 1992 and the resulting impairment to his back, plaintiff is entitled to temporary total disability compensation in the amount of $273.99 per week for the period of time from 21 December 1992 through 22 March 1993. N.C. Gen. Stat. § 97-29.
4. As a result of the accident on 28 August 1992 and the resulting impairment to his back, plaintiff is entitled to permanent partial disability compensation in the amount of $273.99 per week beginning on 23 March 1993 and continuing for forty-five (45) weeks, due to the fifteen (15) percent permanent partial impairment to the us of his back. N.C. Gen. Stat. § 97-31 (23).
5. Plaintiff is entitled to the payment of all medical expenses incurred, or to be incurred, as a result of the injury by accident of 28 August 1992 and the resulting impairment to his back. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation in the amount of $273.99 per week for the period of time from 21 December 1992 through 22 March 1993. As said amount has accrued, payment shall be made in a lump sum, and payment shall be subject to an attorney's fee as provided herein.
2. Defendant shall pay plaintiff permanent partial disability compensation in the amount of $273.99 per week beginning on 23 March 1993 and continuing for forty-five (45) weeks. As said amount has accrued, payment shall be made in a lump sum, and payment shall be subject to an attorney's fee as provided herein.
3. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the injury by accident of 28 August 1992 and the resulting injury to plaintiff's back. Payment shall be made after bills for said services have been submitted to the Industrial Commission and approved by the Commission.
4. An attorney's fee in the amount of twenty-five (25) percent of all compensation due plaintiff is hereby approved for plaintiff's counsel. Payment shall be made by deducting twenty-five (25) percent from all compensation due plaintiff and forwarding the same directly to plaintiff's counsel.
5. Defendants shall pay the costs.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ JOHN A. HEDRICK DEPUTY COMMISSIONER